# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **SFR ACQUISITIONS 2**, *et al.*, *Plaintiffs*, v. **DERRICK NOBLE**, *Defendant*. | **CIVIL ACTION NO. 3:25-cv-00172-TES** |

## ORDER REMANDING CASE

On November 5, 2025, the Court ordered Defendant Derrick Noble to show cause and explain how it had subject-matter jurisdiction of his removed dispossessory proceeding. [Doc. 4]. On November 19, 2025, Defendant filed his response to the Court's Show Cause Order [Doc. 4]. [Doc. 5]. In his Response, Defendant asserts that "[o]ne of the allowed reasons for federal removal [is] if [t]he case involves a substantial federal question, meaning a claim arises directly under the U.S. Constitution or federal law, such as certain housing or civil rights statutes." [*Id.* at p. 1]. Defendant continues by arguing that "[t]his is literally the definition listed in several [ ] legal journals of Show Cause for Federal Removal." [*Id.*]. For the reasons explained below and for those reasons discussed in the Court's Order to Show Cause [Doc. 4], this case is

**REMANDED** to the Magistrate Court of Walton County[1] for lack of subject-matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

In one regard, Defendant is correct. As explained in the Court's Order, "[f]ederal jurisdiction exists only when it is 'authorized by Constitution and statute.'" [Doc. 4, p. 6, citing *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)]. Critically, though, "there must be either diversity of citizenship as authorized by 28 U.S.C. § 1332, or the state court complaint must present a federal question as contemplated by 28 U.S.C. § 1331. *See* 28 U.S.C. § 1441(b)." [Doc. 4, p. 6]. In particular, the Court warned Defendant that, without more information, neither diversity of citizenship nor federal question would be a viable avenue for establishing subject-matter jurisdiction in this Court. *See generally* [Doc. 4].

Defendant's response, however, fails to address the issues raised by the Court. Defendant provides no additional information about the amount in controversy. *See* [Doc. 5]. To this Court's knowledge, this dispute concerns $3,550.00, nowhere near the $75,000.00 threshold as mandated by 28 U.S.C. § 1332(a). Defendant also fails to provide any support for his contention that removal is appropriate on the basis of federal question other than to regurgitate what types of claims generally qualify for federal question jurisdiction. [*Id.*]. As previously explained to Defendant, dispossessory actions are authorized under the Official Code of Georgia. [Doc. 4, pp. 9–10]. No federal

---

[1] Reference: Walton County Magistrate Court Case No: 25-4884DS.

question is presented by the dispossessory proceeding such that this Court would have been able to exercise original subject-matter jurisdiction over it pursuant to 28 U.S.C. § 1331. Defendant has given no information to disturb that conclusion.

Therefore, in keeping with its independent obligation to inquire into subject-matter jurisdiction wherever it may be lacking, the claim forming the basis for this removed action was simply a dispossessory action and therefore exclusively a matter of state law. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) ("Federal courts are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking."); *Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010). Accordingly, the Court concludes that it does not have subject-matter jurisdiction over this case. The Court **DIRECTS** the Clerk of Court to **REMAND** the case to the Magistrate Court of Walton County and **CLOSE** this case.

**SO ORDERED**, this 21st day of November, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
